Jose Luis GONZALEZ, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–71786, A75–490–171.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided May 14, 2004.

Reynold E. Finnegan, Esq., Finnegan &
Diba, A Law Corporation, Los Angeles,
CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC—District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Janice K. Redfern, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before CANBY, KOZINSKI, and
PAEZ, Circuit Judges.

MEMORANDUM **

Jose Luis Gonzalez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance, without opinion, of an immigration judge's ("IJ") decision denying his application for cancellation of removal under 8 U.S.C. § 1229b(b). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review the IJ's decision as the final agency determination, *see Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir. 2003). We review de novo both constitutional claims, *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001), and the IJ's legal determinations, *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1145 (9th Cir. 2002). We deny the petition.

Gonzalez's contention that the BIA's decision to streamline his appeal was incorrect because the IJ erred in finding the period of his continuous physical presence ended when the Notice to Appear was served lacks merit. *See* 8 U.S.C. § 1229b(d)(1); *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 598 (9th Cir.2002). Gonzalez's due process challenge to the BIA's summary affirmance of the IJ's decision is foreclosed by *Falcon Carriche.* *See* 350 F.3d at 849–52.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Gonzalez's motion for a stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc,* to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.